JOBCO MANUFACTURING COMPANY, INC., a/k/a JOBCO, INC., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jobco Mfg. Co. v. Commissioner
Docket No. 25621-88
United States Tax Court
T.C. Memo 1990-385; 1990 Tax Ct. Memo LEXIS 409; 60 T.C.M. (CCH) 256; T.C.M. (RIA) 90385; July 25, 1990, Filed *409 Decision will be entered for the respondent. Ted M. Riseling and Randee Koger, for the petitioner. Cathleen A. Jones, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION For the calendar year 1983, respondent determined a deficiency of $ 33,433.20 against petitioner. The question we must decide is whether petitioner was entitled to include in its consolidated return for 1983 the net income and the net operating loss carryforward deduction of Bewley Manufacturing Co., Inc., another corporation. FINDINGS OF FACT At the time of filing its petition herein, petitioner was an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. On October 31, 1973, John Bewley formed a sole proprietorship in Tulsa for the purpose of operating a job machine shop known as Bewley Manufacturing Co. On January 1, 1981, this business was incorporated under the laws of the State of Oklahoma as Bewley Manufacturing Co., Inc. (hereinafter "Bewley"). John and Delores Bewley, his wife, were the sole shareholders of all the issued and outstanding stock of Bewley. On June 30, 1982, Majco, Inc. was incorporated under the laws of the State of Oklahoma, and John and Delores *410 Bewley were its sole shareholders. On or before March 3, 1983, certain tangible assets of Bewley which were used in its business -- namely, five machine lathes -- were repossessed by Litton Industries Credit Corp., a creditor of Bewley. This repossession of its principal operating equipment caused Bewley to cease all operations. After the repossession, Bewley had three remaining lathes which were in bad condition, miscellaneous office equipment and tools, and three motor vehicles, of which one was not operable. On July 30, 1983, John and Delores Bewley, the sole shareholders of Bewley, transferred all their stock to Majco, Inc. On September 30, 1983, Majco, Inc. amended its charter with the State of Oklahoma so as to change its name to Jobco Manufacturing Co., Inc. (hereinafter "Jobco"). No other change to the Majco original charter was made. The minutes of the 1982 annual shareholders meeting of Bewley, held March 31, 1983, reflect the intention of the shareholders that Bewley be operated as a subsidiary of Jobco, or that it be liquidated. No business was conducted by any of the corporations between about the first of March and the end of July 1983. At or after the latter date, *411 Majco, later Jobco, began to conduct the machine tool business in the same fashion and at the same location as had been previously been conducted by Bewley. After July 31, 1983, and before December 31, 1983, petitioner purchased one piece of equipment to begin replacing the equipment repossessed by Litton Industries from Bewley. Petitioner also made payments to General Motors Acceptance Corp. on the two operational motor vehicles which were owned by Bewley. After its repossession of the bulk of Bewley's operating equipment in 1983, Litton Industries Credit Corp. was never repaid the remaining balance due on this equipment, either by Bewley or by petitioner. Some of the equipment remaining in Bewley's hands may have been taken over by Majco or Jobco, but no consideration was paid therefor, and there was no formal transfer or exchange of property between Bewley and Majco/Jobco, in exchange for stock or securities. In their joint income tax return for 1983, John and Delores Bewley claimed a long-term capital loss in the amount of $ 130,288.55 on account of the claimed worthlessness of their Bewley stock in that year. Petitioner's income tax return for 1983 was filed as a consolidated *412 return and included the income and net operating loss of Bewley, in the amount of $ 13,240.33 and $ 136,016.23, respectively. On February 13, 1984, the Oklahoma State Tax Commission notified Bewley that its right to operate within the State of Oklahoma had been suspended, and that its charter had been forfeited. In his statutory notice of deficiency herein, respondent determined that petitioner was not entitled to include in its 1983 return the income and the net operating loss carryforward of Bewley, thus resulting in a determined deficiency of $ 33,433.20. OPINION Petitioner contends, and respondent disputes, the right of petitioner to include in its 1983 income tax return the net income and net operating loss of Bewley, on the grounds that there occurred a reorganization of Bewley and Jobco within the meaning of section 368(a)(1)(F). [1] This requires that we examine the statutory provisions which rule the disposition of this case. Section 381(a) in relevant part provides: (a) GENERAL *413 RULE. -- In the case of the acquisition of assets of a corporation by another corporation -- (1) * * * (2) in a transfer to which section 361 (relating to nonrecognition of gain or loss to corporations) applies, but only if the transfer is in connection with a reorganization described in subparagraph (A), (C), (D), (F) or (G), of section 368(a)(1),
the acquiring corporation shall succeed to and take into account, as of the close of the day of distribution or transfer, the items described in subsection (c) of the distributor or transferor corporation, subject to the conditions and limitations specified in subsection (b) and (c). * * * Section 361(a) in turn provides: (a) GENERAL RULE. -- No gain or loss shall be recognized to a corporation if such corporation is a party to a reorganization and exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.
Finally, section 368 defines what constitutes a reorganization within the meaning of section 361 by stating: (a) REORGANIZATION. -- (1) In General. -- For purposes of parts I and II and this part, the term "reorganization" means -- (A) * * * (B) * * *414 * (C) * * * (D) * * * (E) * * * (F) a mere change in identity, form, or place or organization of one corporation, however effected; or (G) * * * * * * On the basis of the facts that are demonstrated in this record, we must reject petitioner's contentions and hold in favor of respondent. First. As between Bewley and Jobco, there was clearly not a reorganization within the terms of section 368(a)(1)(F). There was no change of identity of Bewley or Jobco, nor their forms, nor their places of incorporation. Bewley was first formed as an Oklahoma corporation as was Jobco (formerly Majco); [2] *415 all its outstanding stock was thereafter acquired by Majco; and Bewley proceeded thereafter as the wholly owned if inactive subsidiary of Majco/Jobco until its demise in 1984. Both corporations were in existence throughout 1983; there was no merger nor consolidation of one into the other, and no liquidation of Bewley. Second. There was no plan of reorganization within the meaning of section 361 which involved the exchange of property by one corporation solely for stock or securities of the other corporation. All that happened so far as this record shows is that all the Bewley stock came into the ownership of Majco. There was apparently no consideration for the transfer of this stock by Mr. and Mrs. Bewley, and there is no proof in this record that any property was transferred by Bewley to Majco/Jobco. Such property as was left to Bewley after the repossession of its principal assets by Litton Industries Credit Corp. appear to have been in bad condition and questionable usefulness. In any case, it appears that the failure to make any formal transfer of property from Bewley to Majco/Jobco was to assure that there could be no claims of transferee liability on the part of a creditor claiming to be defrauded, and there was testimony in this case by Bewley and Jobco's principal officer and shareholder that it was not intended that Jobco be liable for Bewley's debts. We think that this negates petitioner's claim of reorganization under section 361. Third. Finally, *416 section 381, quoted above, provides that the carryovers of net operating loss under section 381(c)(1) may be utilized only in the case of acquisitions of assets of a corporation by another corporation in a transfer to which section 361 applies. As we have already pointed out, there was no acquisition of assets in this regard by Majco/Jobco from Bewley, and there was no reorganization within the meaning of section 368(a)(1)(F). Without compliance with these three pertinent Code sections, petitioner's argument must fail. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. It may be conceded that the change of Majco to Jobco was a reorganization within the meaning of section 368(a)(1)(F), and no one contends to the contrary herein. That, however, is not the issue before us; rather, it is the relationship and the transactions which occurred or did not occur between Bewley and Majco/Jobco.